# EXHIBIT 1

**From:** Randy Knox <randyknox@aol.com>
**Date:** November 21, 2023 at 12:56:27 PM PST
**To:** Vivian.Wang@usdoj.gov
**Cc:** Casey.Boome@usdoj.gov
**Subject: Re: [EXTERNAL] U.S. v. Rodrigo Santos, 21-CR-00268 SI and 22-CR-00345 SI**
**Reply-To:** Randy Knox <randyknox@aol.com>

Hey Vivian,

   First, I apologize for making restitution repayment more complicated than it needed to be. Rodrigo wanted to repay his clients even though he knew it would not lower his guideline offense level because he wanted to make things right. I would have simply opened a registry with the court, which I did later at Casey's suggestion, if I had appreciated how difficult this would be.

   Now the hard part:

   I have serious disagreements with how you have credited restitution. Attached to this email are cashed checks and forms acknowledging restitution payments for specific projects (many unsigned). This is not all my concerns, but only the larger items I saw on the spreadsheet you sent last week.

   Ace Drilling: You state that $41,345.55 is owed, but you do not credit the $32,198.45 that was paid to Joseph O'Briain, who owns Ace and requested that I make out the checks to him;

   Andrew Brady: You did not credit the $4,981.45 reflected in Index Return 2, which shows the missing check I referenced in my email to you on 10/25/23;

   Ashbury Construction: Restitution of $6,627.30 was paid twice, once to Ashbury Construction and again to Kevin Born, the owner, but was not credited;

   Piper Hill: You did not credit $15,624.33 that was paid to the Piper Hill owner, Neil Egan, on behalf of Piper Hill;

   SJK Development: You did not credit $8,158.80 Rodrigo paid as restitution to SJK owner Sean Keighran. In the comments on the spreadsheet you state: "We are aware of Check #1006 made payable to Sean Keighran for this amount. However, since the victim names do not match, we will not stipulate to credit as to this victim." Keighran's signed acknowledgment of full restitution on behalf of SJK Development is attached along with the cashed check.

   M. Slattery/Slattery/Slattery Brothers: Rodrigo paid $8,540.10 to Martin Slattery for projects on Florida Street and Minna Street. You credit none of it to "M. Slattery" or "Slattery Brothers," and claim that Rodrigo overpaid "Slattery" $1,738.90, but owes "M. Slattery" $3,168.90 and "Slattery Brothers" $12,916.43. Please explain your rationale for distinguishing among the payees since they are all Martin Slattery companies.

    SMH Builders:  $3,282.80 was paid to George Hauser on behalf of SMH Builders that was not credited;

    Katsutoshi Stephen:  You did not credit $2,646.82 Rodrigo paid as restitution to K. Stephan Takoko.  In the comments on the spreadsheet you state: "We are aware of Check #1074 made payable to K. Stephan Takoko for this amount.  However, since the victim names do not match, we will not stipulate to credit as to this victim."  Takoko's signed acknowledgment of full restitution is attached along with the cashed check.  I do not recall now the connection, but it's the same dude and his Stephen is not his last name, it's his first name;

    Frank Stonich:  Your spreadsheet reflects that Rodrigo overpaid $1,789.40 to Stonich.  I will check my records, but I believe I got the higher amount of restitution from the Government;

    Jesse and Diane Tribulato/Brandi & Greg Tribulato/Gary Tribulato:  Your spreadsheet states that Rodrigo overpaid Gary Tribulato $12,254.50, but still owes Jesse and Diane Tribulato $15,0000 and Brandi and Greg Tribulato $7,928.30.  Gary Tribulato accepted $15,000 as restitution on behalf of Jesse and Diane Tribulato and Martha Summers, a co-owner; and

    Woods Family Investments, LP:  You do not credit $2,814.50 Rodrigo paid as restitution to the Woods Family Investments, LP.

    This is about $100,000 in restitution payments that Rodrigo made that you have not credited him for.

    In addition, you claim Rodrigo owes his ex-partner Albert Urrutia $719,883.34 as restitution.  I believe Rodrigo compensated Albert even before Rodrigo was indicted.  I spoke with Albert's lawyer yesterday and I have requested that Albert confirm this.

    Resolving these differences is important to Rodrigo and to me because he still owes $1.3M plus penalties and interest to the IRS and a $1.5M forfeiture judgment, both of which he wants to satisfy.

    This may take so time so I will ask Casey if he will object to delaying Rodrigo's surrender now set for December 1, 2023, so Rodrigo can review the payments with me.

    Again, my bad for not putting all this money in a registry at first and letting the clerk's office deal with it.  I know it was (and is) not your responsibility to help me with this.

    Casey is copied on this email.

Randy Knox
Attorney for Rodrigo Santos

In a message dated 11/16/2023 11:30:16 AM Pacific Standard Time, randyknox@aol.com writes:

Thanks, Vivian.

Randy Knox
attorney for Rodrigo Santos

In a message dated 11/15/2023 9:47:31 AM Pacific Standard Time, Vivian.Wang@usdoj.gov writes:

**From:** Wang, Vivian (USACAN)
**Sent:** Tuesday, November 14, 2023 5:03 PM
**To:** Randy Knox <randyknox@aol.com>
**Cc:** Boome, Casey (USACAN) <cboome@usa.doj.gov>; Williams, Allen (USACAN) <awilliams@usa.doj.gov>
**Subject:** RE: [EXTERNAL] U.S. v. Rodrigo Santos, 21-CR-00268 SI and 22-CR-00345 SI

Hi Randy,

As discussed this afternoon, attached is a spreadsheet indicating which victims and amounts the government is willing to stipulate that Mr. Santos should receive credit for due to his direct payments to the victims. In particular, please note column Q (highlighted in yellow, "Actual Amount Paid") and column S ("USAO Comments to Randy Knox"). If column S is blank as to any victim, we are willing to stipulate to credit for that victim in the amount indicated in Column Q. If Column S contains notes as to any victim, I have explained why we are *not* willing to stipulate to credit as to that victim, or why the amount should be less than indicated in Column Q.

If you wish to provide further information to address any of my comments, such as information to explain the discrepancy between the payee name on your check and the named victim, please promptly send it and we will consider.

As I emphasized this afternoon, defendants are highly discouraged from making restitution payments directly to victims because of all the steps that must be taken for them to get credit with the court clerk. In this instance, FLP has taken extremely unusual measures to work towards getting Mr. Santos credit, in the interest of the other victims, but please do not take this as any guarantee or encouragement that this would be done as a general matter.

Best,

Vivian

**From:** Wang, Vivian (USACAN)
**Sent:** Thursday, November 2, 2023 2:19 PM
**To:** Randy Knox <randyknox@aol.com>; Boome, Casey (USACAN) <cboome@usa.doj.gov>

Cc: rsantos@rsengineeringsf.com
Subject: RE: [EXTERNAL] U.S. v. Rodrigo Santos, 21-CR-00268 SI and 22-CR-00345 SI

Hi Randy,

I just received an update from the clerk's office this morning. They confirmed that if we provide a list of the victims with the amount of the credit that Mr. Santos is to receive as to each one, along with a court order directing the clerk's office to apply such credit, that should work for them. Now that I have this confirmation, we will review the cancelled checks you provided and confirm the list of victims and amounts we are willing to stipulate to. Hopefully it will match your list. Then we can move forward with a stipulation and proposed order. As I mentioned before, I'd like to get these credits settled before releasing the $150K, so that we can avoid overpayments to any victim. Once the credits are settled, we can file the stip & proposed order to release the $150K, which will be pro-rated among remaining victims and DBI (if DBI is awarded anything), with the IRS receiving lower priority.

As I explained before, Mr. Santos will get credit for what he pays through the clerk's office, regardless of whether there are issues getting the payment through to the victims. However, we welcome your assistance in making sure the clerk's office has as current as possible information for victims. If any victim needs to update their address with the clerk's office, you can point them to this info:

https://www.cand.uscourts.gov/about/clerks-office/finance/finance-unit-frequently-asked-questions/#:~:text=Back%20to%20top-,How%20do%20I%20request%20a%20change%20of%20address%20for%20restitution,%2C%20San%20Francisco%2C%20CA%2094102.

How do I request a change of address for restitution checks?

Please complete and submit to the Finance Unit the CAND Victim Address Change Form by mail or in person to U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

Thanks,

Vivian


From: Randy Knox <randyknox@aol.com>
Sent: Thursday, November 2, 2023 12:03 PM
To: Wang, Vivian (USACAN) <VWang@usa.doj.gov>; Boome, Casey (USACAN) <cboome@usa.doj.gov>
Cc: [redacted]
Subject: Re: [EXTERNAL] U.S. v. Rodrigo Santos, 21-CR-00268 SI and 22-CR-00345 SI

Hey Vivian,

The DBI restitution hearing is this afternoon. If DBI is awarded less than $150K (or nothing at all), where will we stand on how the Clerk's Office distributes the remaining funds?

Rodrigo and I can help locate the remaining bank fraud victims if that would help. We just want to make things right (or at least less wrong).

Randy Knox

Attorney for Rodrigo Santos

In a message dated 10/25/2023 12:01:08 PM Pacific Daylight Time, randyknox@aol.com writes:

Vivian and Casey,

I have attached all the checks cashed by bank fraud victims (I think). The only check I could not get a copy of was Wells Fargo no. 1078 made out to Andrew Brady for $4,981.45, which is shown in the Wells Fargo printout Index Returned 2 as cashed on 2/25/21. Let me know if you want copies of the returned envelopes or the checks mailed that were neither returned nor cashed. I'll need to scan those also.

Randy Knox

Attorney for Rodrigo Santos

In a message dated 10/17/2023 5:00:07 PM Pacific Daylight Time, randyknox@aol.com writes:


I feel better. Thanks.


In a message dated 10/17/2023 4:58:52 PM Pacific Daylight Time, Vivian.Wang@usdoj.gov writes:

Assuming the $150K is released after there's an order of restitution for DBI in 21-453, DBI should be treated with the same priority as the victims in 21-269. They are all non-federal victims under 18 USC 3664(i). But I should have highlighted something earlier that will hopefully resolve your discomfort here: even if funds are sitting in unclaimed funds, the defendant still gets credit for those payments. So once the $150K is disbursed, Mr. Santos' outstanding balance will be reduced by $150K, regardless of what victims cash their checks.

**From:** Randy Knox <randyknox@aol.com>

**Sent:** Tuesday, October 17, 2023 4:52 PM
**To:** Wang, Vivian (USACAN) <VWang@usa.doj.gov>; Boome, Casey (USACAN) <cboome@usa.doj.gov>
**Subject:** Re: [EXTERNAL] U.S. v. Rodrigo Santos, 21-CR-00268 SI and 22-CR-00345 SI

Hey Vivian,

I think I get what you're saying.

Here's my thought: since the three cases are grouped together for restitution, and the IRS as a U.S. government agency gets paid last, isn't DBI in the same position as the other victims and entitled to restitution if Casey wins on his (borderline frivolous and definitely meritless) motion?

I know that DBI restitution is not your responsibility, but I just don't want the money to be uncredited and essentially forfeited without even reducing Rodrigo's forfeiture order.

Other perspectives are invited.

Randy Knox

Attorney for Rodrigo Santos

In a message dated 10/17/2023 4:43:24 PM Pacific Daylight Time, Vivian.Wang@usdoj.gov writes:

Hi Randy,

Sure, please go ahead and start scanning the cashed checks and get them over to us. Thank you.

I understand your and Mr. Santos' desire to prevent the $150K in the registry from becoming unclaimed funds. However, I have to reiterate that my understanding is that there is no way to achieve this. In my recent conversations with the clerk's office, they confirmed that even if the parties stipulated that the $150K should be released solely to case 22-345 (the one with the IRS as victim), the clerk's office has grouped Mr. Santos' three cases together and will prioritize the victims across all three cases pursuant to 18 USC 3664(i) (providing that "all other victims receive full restitution before the United States receives any restitution"). This means the IRS is going to get paid only after all other victims are paid in full. So the clerk's office is going to apply the $150K to the other two cases before 22-345. Hopefully we will straighten out a process for all victims in 21-269 to get credit before entering a stip to get the $150K disbursed, so that the $150K is not going to cause any overpayments. But even then, whatever remaining victims it goes to aren't necessarily going to cash their checks – as you've seen via the yellow and red rows in your chart. Their funds may sit around indefinitely as unclaimed funds. That's how the clerk's process works, with the benefit being that it protects victims' ability to step forward at a later time and still obtain their restitution. I really don't have any other ideas on this front but am happy to further discuss.

Thanks,

Vivian

Vivian Wang

Assistant U.S. Attorney

Northern District of California

450 Golden Gate Avenue

San Francisco, CA 94102

(415) 436-7### (direct)

(415) 846-#### (cell)

(415) 436-#### (fax)

**From:** Randy Knox <randyknox@aol.com>

**Sent:** Tuesday, October 17, 2023 12:32 PM
**To:** Boome, Casey (USACAN) <cboome@usa.doj.gov>; Wang, Vivian (USACAN) <VWang@usa.doj.gov>
**Subject:** Re: [EXTERNAL] U.S. v. Rodrigo Santos, 21-CR-00268 SI and 22-CR-00345 SI

Vivian and Casey,

    I believe I already have copies of all cashed checks, front and back, in paper form.

    Let me know if I should start scanning them since you millennials seem to prefer electronic media.

    It is important to me (and Rodrigo) that we complete setting up restitution payments to the remaining clients and DBI to prevent the $150K in the registry from becoming unclaimed funds, especially since Rodrigo owes the IRS about $1M. I would like a firm understanding of that before Rodrigo goes to prison.

    Although I am grateful also that you have taken on this task, Casey is more grateful.

Randy Knox

Attorney for Rodrigo Santos

In a message dated 10/17/2023 8:25:55 AM Pacific Daylight Time, Casey.Boome@usdoj.gov writes:

Thanks for driving this Vivian.

AUSA Casey Boome

Desk: ~~415-436-0000~~ | Cell: ~~4XX-XXX-XXXX~~

casey.boome@usdoj.gov

---

**From:** Wang, Vivian (USACAN) <VWang@usa.doj.gov>
**Sent:** Monday, October 16, 2023 7:43:34 PM
**To:** Randy Knox <randyknox@aol.com>
**Cc:** Boome, Casey (USACAN) <cboome@usa.doj.gov>
**Subject:** RE: [EXTERNAL] U.S. v. Rodrigo Santos, 21-CR-00268 SI and 22-CR-00345 SI

Hi Randy,

Thanks for letting me know. I don't need copies of all the returned envelopes at this time, but good to know you have them. Let's wait until I have more solid confirmation from the clerk's office on an approach that will work, and then I may ask you to send the copies at that time.

As for copies of the cashed checks, I think it would be a good idea to start pulling or requesting them from the bank, since that one will take time. I do foresee that we'll want to have confirmation that those payments went through to feel comfortable giving Mr. Santos credit as to those victims.

Best,

Vivian

**From:** Randy Knox <randyknox@aol.com>

**Sent:** Monday, October 16, 2023 1:26 PM
**To:** Wang, Vivian (USACAN) <VWang@usa.doj.gov>
**Cc:** Boome, Casey (USACAN) <cboome@usa.doj.gov>
**Subject:** Re: [EXTERNAL] U.S. v. Rodrigo Santos, 21-CR-00268 SI and 22-CR-00345 SI

Hey Vivian,

   I mailed out letters to each of the payees in August 2023 notifying each of them that I would stop payment on their check. I stopped payment on the checks in September.

I also gave them the www.justice.gov and www.cand.uscourts.gov links for how to file for restitution. I was tempted to give your direct number, but I did not.

I have all the returned envelopes. Should I copy, scan and email to you? Or to whom?

Whatever you need, I'll provide. If you'd like copies of the cashed checks, let me know, but that will take some time.

Randy Knox

Attorney for Rodrigo Santos

In a message dated 10/16/2023 10:07:23 AM Pacific Daylight Time, Vivian.Wang@usdoj.gov writes:

Hi Randy,

I am still working through the Santos crediting issues with the clerk's office, and am hopeful that we will be able to work something out to credit Mr. Santos appropriately. In the meantime, they have raised some questions for me that I wanted to run by you.

1. For the yellow-highlighted victims in your attached list, is there a way that you can put stop payment orders on those checks? I understand the yellow group means that checks were sent out to them (quite a few months ago by now) but neither returned as undeliverable nor cashed. The clerk's office doesn't want to credit them as having received payment since we haven't had confirmation that they cashed their checks.
2. For the red-highlighted victims, I understand that they are the ones whose checks were returned as undeliverable. Have you retained documentation of that status, e.g., the envelopes with return-to-sender stamps?

Thanks,

Vivian

Vivian Wang

Assistant U.S. Attorney

Northern District of California

450 Golden Gate Avenue

San Francisco, CA 94102

 (direct)



(###) ###-#### (cell)

(###) ###-#### (fax)

**From:** Randy Knox <randyknox@aol.com>
**Sent:** Tuesday, September 26, 2023 4:56 PM
**To:** Wang, Vivian (USACAN) <VWang@usa.doj.gov>
**Subject:** [EXTERNAL] U.S. v. Rodrigo Santos, 21-CR-00268 SI and 22-CR-00345 SI

Vivian Wang,

   Restitution spreadsheet attached.

Randy Knox

Attorney for Rodrigo Santos